IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEVON LEE AND TARA KOLE**                             **PLAINTIFFS**

**VERSUS**                         **CIVIL ACTION NO.: 1:23-CV-00286-HSO-BWR**

**ALLEN AUTOMOTIVE, INC. DBA J.
ALLEN TOYOTA, MERCEDES-BENZ
FINANCIAL SERVICES USA LLC**                            **DEFENDANTS**

### ANSWER AND DEFENSES
### OF DEFENDANT ALLEN AUTOMOTIVE, INC TO PLAINTIFFS' COMPLAINT

### AND COUNTER CLAIM

COMES NOW, Defendant, ALLEN AUTOMOTIVE, INC., by and through its attorneys of record, TIM C. HOLLEMAN, Boyce Holleman and Associates, and files its Answer and Affirmative Defenses to Plaintiffs' Complaint and Counterclaim, and in support thereof would, show unto this Honorable Court, the following to wit:

### FIRST DEFENSE

The contract in question provides that all disputes between the parties shall be decided by arbitration, therefore the Compliant must be dismissed and the parties order to submit to binding arbitration.

### SECOND DEFENSE

The Complaint fails to state a claim upon relief may be granted.

### THIRD DEFENSE

The allegations of the Complaint are barred by the statute of frauds

1

### FOURTH DEFENSE

The contract in question is the result of a mutual mistake between the parties therefore should be rescinded, cancelled and/or held for naught.

### FIFTH DEFENSE

The contract in question is the result of a unilateral mistake between the parties therefore should be rescinded, cancelled and/or held for naught.

### SIXTH DEFENSE

Defendant specifically pleads the doctrines of contributory and comparative negligence.

### SEVENTH DEFENSE

The Defendant would show that the Complaint, to the extent that it seeks punitive or exemplary damages, violates certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates the Defendant's protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

It further violates the Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

It violates the Fourteenth Amendment as said Amendment guarantees the Defendant's equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendant on the basis of wealth.

Defendant pleads all defenses to punitive damages as set forth in Miss Code § 11-1-65.

## PARTIES

1.

The allegations of paragraph 1. are admitted.

2.

The allegations of paragraph 2. are admitted.

3.

The allegations of paragraph 3. are admitted.

4.

The allegations of paragraph 4. are admitted.

5.

It is admitted that the United States District Court for the Southern District of Mississippi has jurisdiction over the parties as a result of completed diversity of citizenship between the parties pursuant to 42 U. S. Code Section 1332.

## FACTUAL AND LEGAL ALLEGATIONS

4.

The allegations of paragraph 4. are admitted.

5.

The allegations of paragraph 5. are admitted.

6.

The allegations of paragraph 6. are denied as stated.  It is admitted the Plaintiffs sought to use the equity or residual value in their current motor vehicle by trading the same in for credit against the vehicle they were seeking to buy.  It will be affirmatively

shown unto the Court that both the Plaintiffs and the Defendant did not know the payoff or residual value of the vehicle Plaintiffs were seeking to use as a trade.  Since it was after hours neither the Plaintiffs nor the Defendant could contact Mercedes Benz Credit to ascertain the trade in value or residual value of the Plaintiffs' vehicle they were seeking to use as trade in.  With Plaintiffs' permission the Defendant sought access to the credit report of the Plaintiffs which included the purported payoff or residual value of their 2021 Mercedes Benz GLB of $12,532.00.  Both Plaintiffs and Defendant mistakenly and reasonably believed that payoff on their 2021 Mercedes Benz GLB was $12,532.00 and the contract between the parties so stated.

The Defendant, in fact, sent a check in the amount of $12,532.00 to Mercedes Benz Financial Services USA LLC in said amount as per the contract between the parties.  Mercedes Benz Financial Services USA LLC then advised that the actual payoff on the Plaintiffs' 2021 Mercedes Benz GLB was $26,000.00 and not $12,532.00 as mutually represented in the contract between the parties.  Defendant immediately contact the Plaintiffs to advise them of the mistake and attempt to either resolve the same or rescind the contract.  Plaintiffs ultimately refused.

7.

The Defendant admits that both the Plaintiffs and the Defendant mutually believed that $12,532.00 was the payoff figure on Plaintiffs' 2021 Mercedes Benz GLB, however, in fact, the payoff was $26,000.00  unknown the Plaintiffs or the Defendants.

8.

The Defendant admits that both the Plaintiffs and the Defendant mutually believed that $12,532.00 was the payoff figure on Plaintiffs' 2021 Mercedes Benz GLB,

however, in fact, the payoff was $26,000.00 unknown the Plaintiffs or the Defendants. Defendant admits that Allen Toyota on behalf of the Plaintiffs sought financing for the balance of the Plaintiffs' purchase, based upon their mutual mistake.

9.

The Defendant admits that both the Plaintiffs and the Defendant mutually believed that $12,532.00 was the payoff figure on Plaintiffs' 2021 Mercedes Benz GLB, however, in fact, the payoff was $26,000.00 unknown the Plaintiffs or the Defendants. Defendant admits Plaintiffs and the Defendant both believed by their mutual mistake that they had completed the contract for the purchase of the subject vehicle.

10.

The Defendant admits that both the Plaintiffs and the Defendant mutually believed that $12,532.00 was the payoff figure on Plaintiffs' 2021 Mercedes Benz GLB, however, in fact, the payoff was $26,000.00 unknown the Plaintiffs or the Defendants. The allegations of paragraph 10 are admitted and the Defendant likewise learned such.

11.

The allegations of paragraph 11 are unintelligible therefore dened.

12.

It is admitted that once their mutual mistake was discovered the Defendant advised the Plaintiffs they would have to correct the mistake by rescinding the old contract and entering a new contract with the correct amount for the payoff.

13.

The allegations of paragraph 13. are denied.

14.

It is admitted Defendant's general manager then tried to reason with the Plaintiffs to no avail.

15.

The allegations of paragraph 15. are not directed to this Defendant however out of an abundance of caution are denied.

## **BREACH OF CONTRACT**

16.

This Defendant adopts by reference the previous responses to the forgoing paragraphs, however out of an abundance of caution would deny such allegations unless specifically admitted.

17.

The allegations of paragraph 17. are denied as stated. Plaintiffs represented in the contract between the parties that the pay off was mutually believed to $12,532.00 when, in fact, the payoff was $26,000.00. Such unknown to both the Plaintiffs or the Defendant in good faith but the result of mistake.

## **TORTIOUS BREACH OF CONTRACT**

18.
This Defendant adopts by reference the previous responses to the forgoing paragraphs, however out of an abundance of caution would deny such allegations unless specifically admitted.

19.

The allegations of paragraph 19. are denied.

20.

The allegations of paragraph 20. are denied. The Defendant admits that both the Plaintiffs and the Defendant mutually believed that $12,532.00 was the payoff figure on Plaintiffs' 2021 Mercedes Benz GLB, however, in fact, the payoff was $26,000.00 unknown to both the Plaintiffs or the Defendants. The Defendant did clearly deal honestly and fairly with the Plaintiffs. There is written contract between the parties in which both parties mistakenly promised and agreed that $12,532.00 was the payoff on the Plaintiffs' vehicle when through mistake it was not. Any "verbal" promises not withstanding.

21.

The allegations of paragraph 21. are denied.

22.

The allegations of paragraph 22. are denied.

23.

The allegations of paragraph 23. are denied.

24.

The allegations of paragraph 24. are denied.

## **NEGLIGENT MISREPRESENTATIONS**

25.

This Defendant adopts by reference the previous responses to the forgoing paragraphs, however out of an abundance of caution would deny such allegations unless specifically admitted.

26.

The allegations of paragraph 26. are denied.

27.

The allegations of paragraph 27. are denied.

28.

The allegations of paragraph 28. are denied. However, Defendant would not have entered into the subject contract with the Plaintiffs if it had known the pay off was $26,000.00 not $12,532.00 as represented in the contract between the parties and signed by the Plaintiffs.

29.

The allegations of paragraph 29. are denied.

30.

The allegations of paragraph 30. are denied.

## COMMON LAW FRAUD AND/OR FRAUDULENT AND/OR NEGLIGENT AND/OR GROSSLY NEGLIGENT MISREPRESENTATION

31.

This Defendant adopts by reference the previous responses to the forgoing paragraphs, however out of an abundance of caution would deny such allegations unless specifically admitted.

32.

The allegations of paragraph 32. are denied.

33.

The allegations of paragraph 33. are denied.

34.

The allegations of paragraph 34. are denied.

## NEGLIGENCE AND/OR GROSS NEGLIGENCE

35.

This Defendant adopts by reference the previous responses to the forgoing paragraphs, however out of an abundance of caution would deny such allegations unless specifically admitted.

36.

The allegations of paragraph 36. are denied.

37.

The allegations of paragraph 37. are denied.

## ECONOMIC DURESS

38.

This Defendant adopts by reference the previous responses to the forgoing paragraphs, however out of an abundance of caution would deny such allegations unless specifically admitted.

39.

The allegations of paragraph 39. are denied.

40.

The allegations of paragraph 40. are denied.

41.

The allegations of paragraph 41. are admitted and the Defendant at all times, in fact, acted in good faith and dealt fairly with the Plaintiffs.

42.

The allegations of paragraph 42. are denied.

43.

The allegations of paragraph 43. are denied.

The allegations of the last unnumbered paragraph beginning with "WHEREFORE PREMISES CONSIDERED" are denied, it is denied the Plaintiffs are entitled to the relief requested or any relief whatsoever including as requested in subparagraphs 1. through 6 thereof.  The Defendant prays that the Complaint be dismissed with all costs and attorneys' fee awarded to the Defendant and the Court should proceed to require arbitration or alternative on Defendant's Counter-Complaint.

## COUNTER COMPLAINT

Now having answered the Complaint paragraph by paragraph and subject to the parties right to arbitration, the Defendant/Counter-Plaintiff alleges the following Counter Complaint against the Plaintiffs as follows

I.

The Defendant incorporates by reference the allegations by Defendant as hereinabove set forth.

II.

Both the Plaintiffs and the Defendants entered into a Contract, attached to the Complaint and adopted herein by reference, in which both parties agreed in writing the payoff of the vehicle, Plaintiffs were attempting to trade in, was $12,532.00.  Such was a mistake as the payoff was actually $26,000.00.

COUNT 1.

RESCISSION OF CONTRACT- MUTUAL MISTAKE

III.

The Contract between the parties was the result of a mutual mistake therefore should be rescinded.

COUNT 2.

RESCISSION OF CONTRACT - UNILATERAL MISTAKE

IV.

The Contract between the parties was the result of a unilateral mistake therefore should be rescinded.

WHEREFORE, PREMISES CONSIDERED, Defendant request this Court enter Judgment rescinding the contract between the parties for mutual or alternatively unilateral mistake and awarding costs and attorney's fees to the Defendant.

Respectfully submitted, this the 6th day of November, 2023.

ALLEN AUTOMOTIVE, INC., DEFENDANT

BOYCE HOLLEMAN & ASSOCIATES

By: _____Tim C. Holleman_____
        TIM C. HOLLEMAN

## CERTIFICATE OF SERVICE

I, Tim C. Holleman, do hereby certify that I have electronically filed the foregoing Answer and Defenses and Counter-Claim with the Clerk of Court using the ECF system which sent notification to all counsel of record.

This, the 6th day of November, 2023.

/s/ Tim C. Holleman
Tim C. Holleman

Tim C. Holleman (Ms Bar #2526)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS  39501
Telephone:  (228) 863-3142
Facsimile:  (228) 863-9829
Email: tim@boyceholleman.com